## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARS AREA SCHOOL DISTRICT**, | ) |
| **Plaintiff**, | ) |
| | ) |
| **v.** | ) **2:14-cv-1728** |
| | ) |
| **C. L.**, *by and through his parent and natural* | ) |
| *guardian, K.B.*, | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION

Pending before the Court is APPELLEES' MOTION FOR ATTORNEY'S FEES AND COSTS, filed by C.L., by and through his parent and natural guardian, K.B. (referred to herein solely as "K.B."). ECF No. 33. K.B. has also filed a brief in support of her motion. ECF No. 35. Also attached are the affidavits of Attorney John P. Corcoran, Jr., and his office manager, Daryl D. Scott; Attorney Corcoran's time sheets related to the administrative proceedings and this action; a copy of a "stay-put" motion filed by Attorney Corcoran prior to the expedited due process hearing; the curriculum vitae of Samuel K. Schachner, Ph.D., LPC; and a billing invoice from Dr. Schachner's office. ECF Nos. 35-1, 35-2. Mars Area School District has filed a RESPONSE TO APPELLEES' MOTION FOR ATTORNEY'S FEES AND COSTS. ECF No. 39. Accordingly, the motion is ripe for disposition.

## I.     Background

The parties are familiar with the background of this case, so the Court will not recount it at length. Put briefly, the School District expelled C.L., at the time a seven-year old first grader at Mars Primary School, following a series of alleged disciplinary infractions in September and October 2014. Prior to doing so, the School District conducted a manifestation determination hearing, as required by the IDEA, after which it concluded that the conduct for which C.L. was

to be expelled was not a manifestation of his disability. K.B. disagreed with the School District's manifestation determination, so she requested an expedited due process hearing to address whether the District's decision was correct. Following that hearing, the Hearing Officer concluded that the conduct for which C.L. was expelled *was* a manifestation of his disability. As a result, the Hearing Officer ordered the School District to, *inter alia*, reinstate C.L. and develop an appropriate IEP for him. The School District, however, was unable to implement the Hearing Officer's order because sometime after it was issued, K.B. enrolled C.L. in a private school.

Nevertheless, the School District appealed the Hearing Officer's decision to this Court under 42 U.S.C. § 1415(i)(2)(A), seeking to have it reversed. After the parties filed competing dispositive motions, the Court ordered the School District to show cause why its appeal was not rendered moot by C.L.'s transfer. After additional briefing, the Court concluded – over the protestations of both parties – that this case was indeed moot "since meaningful relief could no longer be granted to the School District[.]"[1] ECF No. 32 at 8. Therefore, by Memorandum Opinion and Order of Court dated October 16, 2015, the Court dismissed the appeal and vacated the Hearing Officer's decision. At the same time, the Court retained jurisdiction so as to allow K.B. to petition for attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i) "for work done during the due process hearing."[2] ECF No. 32 at 14.

---

1.      Contrary to what the School District says at various points in its response, the Court did not dismiss this case as moot and vacate the hearing officer's decision "[a]s a result of this Court's granting of Defendants' Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction in the [companion case filed by C.L.]." ECF No. 39 at 5. That is nonsense. As the Court explained at length in its prior Memorandum Opinion, the School District's appeal was dismissed as moot because reversing the Hearing Officer's decision would have no practical effect on the parties. It had nothing to do with the dismissal of the related action.

2.      K.B. has appealed the Court's order dismissing this case as moot and vacating the Hearing Officer's decision. While the filing of a notice of appeal ordinarily divests a district court of jurisdiction, such may be maintained solely to resolve a request for attorney's fees and costs. *See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999).

## II.       Legal Standard

Under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."[3] 20 U.S.C. § 1415(i)(3)(B). "Although the statute expressly refers to a district court's discretion, it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances." *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 535 (3d Cir. 2001) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)). Still, "[t]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To that end, the party seeking fees must come forward with evidence "supporting the hours worked and rates claimed." *Id.* The opposing party then "has the burden to challenge the reasonableness of the requested fee." *McKenna v. City of Philadelphia*, 582 F.3d 447, 459 (3d Cir. 2009). To do so, the opposing party must "generally identify the type of work being challenged and" then "specifically state" its "grounds for contending that the hours claimed in that area are unreasonable." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). That being so, the district court "may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005), *as amended* (Nov. 10, 2005). "[O]nce the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request." *Id.*

## III.       Discussion

The School District argues, initially, that K.B. is not entitled to recover any fees or costs because she was not the prevailing party at the expedited due process hearing. Without

---

3.        "The standards governing the award of attorneys' fees under 42 U.S.C. § 1988 are applicable to awards sought under the IDEA." *Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 593 (3d Cir. 2000) (citations omitted). Thus, cases addressing both § 1988 and the IDEA's fee-shifting provision are cited herein.

conceding that K.B. has established prevailing party status, the School District goes on to raise a few objections to certain aspects of K.B.'s fee petition. The Court will address these issues *seriatim*.

> **A.    Prevailing Party Status**

"[N]o fee award is permissible until the plaintiff has crossed the 'statutory threshold' of prevailing party status." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 789 (1989) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A party crosses that threshold "'if [it] succeed[s] on any *significant* issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006), *as amended* (Apr. 27, 2006), *as amended* (May 16, 2006) (quoting *Hensley*, 461 U.S. at 433) (emphasis in original). "'[A]t a minimum, . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" *Id.* (quoting *Garland*, 489 U.S. at 792). That occurs only when the resolution "'modif[ies] the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 251 (3d Cir. 1999)). To make that showing, "[t]he plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citations omitted); *see also El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 423 (5th Cir. 2009) ("An administrative hearing officer's order provides the requisite 'judicial imprimatur' for a party to be considered a 'prevailing party' for attorney's fee purpose . . . .").

Moreover, "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar*, 506 U.S. at 114. "The relevant inquiry is whether plaintiffs' success was significant." *Clementon*, 442 F.3d at 856. "Regardless of how substantial their success, if

4

plaintiffs succeeded on a significant issue they are entitled to prevailing party status." *Id.* "'[T]he degree of the plaintiff's overall success[,]" does, however, "bear on the propriety of fees awarded[.]" *Farrar*, 506 U.S. at 114.

In this case, it certainly looks, at first blush at least, like K.B. was the prevailing party. The critical issue before the Hearing Officer was whether "the School District accurately and appropriately determine[d] that [the] behaviors in which [C.L.] engaged on October 27, 2014 were not a manifestation of [C.L.'s] disability?" ECF No. 1-2 at 3. K.B. prevailed on that issue, inasmuch as the Hearing Officer determined "[t]hat the District's manifestation determination conclusion was erroneous . . . and that the expulsion proceedings were designed to achieve a change of [C.L.'s] educational placement prior to an IDEA eligibility determination that would give Parents the right to object to, and would likely foreclose, immediate transfer to that alternative educational setting that the District believes will better serve [C.L.'s] needs." *Id.* at 2. The relief ordered – reinstatement to the educational setting from which C.L. was expelled, development of an appropriate IEP, etc. – gave K.B. some (if not all) of what she initially sought in filing the due process complaint and changed the legal relationship between the parties. As a result of the decision, the School District could not impose a unilateral change in C.L.'s educational setting. To be sure, as the School District points out, the Hearing Officer did deny and dismiss "any claims not specifically addressed by [her] decision[.]" (It is not clear what those claims were.) But K.B's failure to obtain relief on those ancillary claims (whatever they were) does not detract from the fact that K.B. prevailed on the *most significant* issue that the Hearing Officer considered: whether the School District's manifestation determination decision was correct.

Upon closer inspection, however, things are not quite so simple. The Court must also

consider what effect, if any, K.B.'s decision to withdraw C.L. from the School District and enroll him in a private school had on her status as the prevailing party. K.B. has not addressed this issue, but, as the School District views it, K.B.'s decision to transfer C.L. effectively deprived K.B. of her right to collect attorney's fees.

This "is a question of some difficulty," which the Supreme Court has not resolved. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 483 (1990). Difficult though it may be, every court that has wrestled with the question has come down against the School District's argument. *See, e.g.*, *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) (collecting cases); *Kirk v. New York State Dep't of Educ.*, 644 F.3d 134, 139 n.4 (2d Cir. 2011) (same). As former Supreme Justice Souter, sitting by designation with the First Circuit Court of Appeals, has explained, "eligibility for a fee award is not lost even when subsequent developments render a claim moot[.]" *E.D. ex rel. Doe v. Newburyport Pub. Sch.*, 654 F.3d 140, 144 (1st Cir. 2011) (citing *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454-55 (1st Cir. 2009)). Rather, as the School District itself concedes, "'in the mootness context, a "prevailing party" is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties prior to the intervening act of mootness.'" *Id.* (quoting *Diffenderfer*, 587 F.3d at 453). This test must be applied "by looking only to what relief the [Hearing Officer] granted and not to whether the case was rightly decided." *Diffenderfer*, 587 F.3d at 453. K.B. did indeed prevail at the hearing before the intervening act of mootness, by obtaining an enforceable order against the School District that changed the legal relationship between the parties. Thus, it is of no moment that C.L.'s transfer mooted the School District's appeal. K.B. is still the prevailing party.

**B.      Reasonableness of Attorney's Fees**

The Court must now determine the amount of fees to which K.B. is entitled. The lodestar

amount is the "starting point for determining the amount of a reasonable fee." *United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto. Cntr.*, 501 F.3d 283, 290 (3d Cir. 2007). It is calculated by multiplying a reasonable hourly rate in the relevant legal community by the reasonable number of hours expended. *Id.* The lodestar amount is considered "presumptively reasonable," but after it is calculated, the Court may adjust the fee based on its consideration of a limited number of factors. *Id.* at 292 (citation and quotation marks omitted) (explaining that "the Supreme Court has sharply limited the number of factors which can be considered in adjusting the lodestar amount"). In her motion, K.B. requests the following:

(1) $25,720.00, which represents "[t]he total charges for the preliminary school meetings, strategy, preparation, research, manifestation determination hearing, expulsion proceedings, due process resolution meeting, and preparation for and attendance at the Due Process Hearings and closing Briefs . . . ." ECF No. 35 at 5;

(2) $7,200.00, which represents the amount spent on discovery and the defense of claims in the instant action; and

(3) $1,800.00, which represents the amount spent preparing her motion for attorney's fees and costs.

According to K.B., these fees have been calculated based on Attorney Corcoran's standard hourly rate of $275.00 per hour, which he reduced as a "client courtesy" to $200.00 per hour. Attorney Corcoran was assisted by a law student clerk and an associate, whose rates were $75.00 and $125.00 per hour, respectively.

The School District does not contest the reasonableness of the $200.00 hourly rate charged by Attorney Corcoran or the $125.00 hourly rate of Attorney Corcoran's associate. Therefore, the Court will accept these rates as reasonable. The School District does, however,

7

specifically object to two aspects of K.B.'s fee request. First, the School District argues that the hours claimed are excessive, in that K.B. should not be permitted to recover fees for work performed prior to C.L.'s expulsion on October 27, 2015, or for work performed during this action. Second, the School District seeks to preclude K.B. from recovering fees for work performed by Attorney Corcoran's law student clerk. "[A]t best," the School District believes that K.B. should be permitted to recover "$16,675.00, which represents all legal fees listed from October 27, 2014, through November 12, 2014[.]"[4] ECF No. 39 at 9.

### 1.    Hours Expended

"[H]ours that are not reasonably expended" are not compensable. *Rode*, 892 F.2d at 1177 (citation omitted); *see also* 42 U.S.C. § 1415(3)(F)(iii) (explaining that the court shall reduce the amount of attorney's fees if "the time spent and legal services furnished were excessive considering the nature of the action or proceeding"). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Rode*, 892 F.2d at 1177. "Further, the court can reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." *Id.* (citations and quotation marks omitted).

### a.    Work Performed Prior to October 27, 2014

K.B. seeks attorney's fees for work completed between September 18, 2014, and mid-November 2014, when the parties' briefs were filed after the expedited due process hearing. As explained in Attorney Corcoran's declaration:

> 13.    The time entries . . . were for work performed on behalf of CL when disciplinary issues arose in September 2014 and concluded in November 2014. I have billed for related services related to the Due Process hearing, which include meeting with school personnel on discipline issues, attendance at resolution

---

4.      The Court notes that this figure does not take into account the fees incurred in drafting this motion, but the School District does not actually advance any specific argument as to why those fees are not recoverable in its brief.

> hearings, manifestation determination hearing, and the expulsion hearing of the child that occurred based on misconduct of child on October 27, 2014 . . . .
>
> 14.     I have also included in billing preparation time for the Administrative Hearing and attendance at the hearing that occurred after the Resolution Meeting on October 24, 2014, until the post-hearing brief filings on November 12, 2014.
>
> 15.     I have also included time for preparation for the resolution meetings and meetings with the School District that occurred in September and October 2014 to resolve discipline issues, as well as client follow-up research.
>
> 16.     In addition, there are billings for the preparation of the "Stay-Put" Motion prepared and filed with the Hearing Office and attendance and defense at the Manifestation Determination and expulsion proceeding.

ECF No. 35-2. According to K.B., work performed prior to the filing of the request for the expedited due process hearing is compensable because such work was related to the disciplinary issues that ultimately resulted in C.L.'s expulsion and the subsequent manifestation determination hearing. For its part, the School District does not take issue with any particular time entries submitted by Attorney Corcoran. Instead, it argues, in a conclusory manner and without citation to any legal authority, that "any legal fees and costs incurred prior to the October 27, 2015, discipline incident should be disallowed and rejected by the Court." ECF No. 39 at 8.

As K.B. argues, courts have held that "[w]ork performed prior to the filing of a due process complaint is compensable" in certain circumstances *E.C. v. Sch. Dist. of Philadelphia*, 91 F. Supp. 3d 598, 607 (E.D. Pa. 2015) (citing *McClam v. D.C.*, 808 F. Supp. 2d 184, 190 (D.D.C. 2011); *Rapu v. D.C. Pub. Sch.*, 793 F. Supp. 2d 419, 427 (D.D.C. 2011)). For example, counsel may be compensated for "investigation of the case, discussions with opposing counsel, client meetings and preparation of requests for impartial hearings . . . ." *F.R. v. Bd. of Educ.*, 67 F. Supp. 2d 142, 148 (E.D.N.Y. 1999). Courts have allowed recovery of fees incurred for such activities as long as they occur within a reasonable amount of time before the due process hearing. *See, e.g.*, *Irving v. D.C. Pub. Sch.*, 815 F. Supp. 2d 119, 128 (D.D.C. 2011) (holding that

charges "incurred less than six months before the due process hearing" were recoverable); *Lax v. D.C.*, No. CIVA 04-01940 HHK, 2006 WL 1980264, at *4 (D.D.C. July 12, 2006) (quotation marks omitted) (agreeing with plaintiff that "time spent over the course of a year for a particular client is not necessarily too remote, but is instead an entirely reasonable window of time to be engaging in productive work that will result in a favorable administrative decision"). The party seeking to recover fees must also show that this work is "sufficiently related to the due process complaint." *E.C.*, 91 F. Supp. at 607. Thus, the School District is not correct in arguing that fees incurred prior to C.L.'s expulsion are *per se* not recoverable. To the extent that Attorney Corcoran was meeting with his client and the School District and building the case on which he ultimately prevailed at the hearing, he may be compensated for such time.

The application of this rule is complicated in this case, however, by the fact that K.B. filed a *separate* due process complaint related to C.L.'s suspensions leading up to his eventual expulsion. A review of Attorney Corcoran's time entries and his declaration reveals that several of the entries from September 18, 2014, to October 24, 2014, specifically relate to this complaint. To highlight a few examples, fees are sought for drafting the complaint on October 14, 2014; teleconferencing with the Office of Dispute Resolution on October 16, 2014; "receipt of Hearing information" October 20, 2014; "[r]eceipt/review [of] Due Process matters" on October 22, 2014; preparation for and attendance at a resolution meeting on October 23 and October 24, 2014; and "search[ing] for case law re: the facility exception and due process claims." ECF No. 35-1, Ex. A.

Since this work was performed for a separate due process complaint, and not the complaint upon which K.B. ultimately prevailed, it is not clear if it is compensable. As the Court of Appeals has explained, "'the District Court has a positive and affirmative function in the fee

10

fixing process, not merely a passive role' and 'should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed.'" *McKenna*, 582 F.3d at 455 (quoting *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001)). And "[a]s a general matter, fee requests relating to separate administrative actions cannot be bootstrapped to other, successful complaints." *Dicks v. D.C.*, --- F. Supp. 2d ----, No. 1:14-CV-01626 (RJL), 2015 WL 3701512, at *5 (D.D.C. June 15, 2015) (citing *Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 64 (D.D.C. 2011)).

Neither of the parties has informed the Court what issues were raised in the prior complaint (beyond the general allegation that the prior suspensions were unlawful because the conduct was a manifestation of C.L.'s disability), what relief K.B. sought, or how the complaint was resolved. Thus, the Court cannot determine whether K.B. succeeded on this complaint or whether the claims raised were related or unrelated to the issue on which she did prevail. *See Neena S. ex rel. Robert S. v. Sch. Dist. of Philadelphia*, No. CIV.A. 05-5404, 2009 WL 2245066, at *6 (E.D. Pa. July 27, 2009) (allowing recovery for fees relating to prior due process requests "where the requests . . . all went towards achieving the same goal[;]" and "involved the same issues and time period as the [later] due process hearing"). "If the unsuccessful claims were in fact unrelated to the successful ones," the court would have to limit the fee award "to work done on the successful claims' by 'weeding out work done on unrelated unsuccessful claims from any award." *A.B. by Holmes-Ramsey v. D.C.*, 19 F. Supp. 3d 201, 208 (D.D.C. 2014) (citation and quotation marks omitted). Since the burden was on K.B. to sufficiently explain whether the fees incurred with respect to the prior due process complaint relate to the success she ultimately obtained and she has failed to do so, the Court concludes that she cannot recover fees for work

performed in pursuit of the prior complaint.[5]

Be that as it may, the fees that Attorney Corcoran incurred "familiarizing [himself] with the case, communicating with [his] client, researching [C.L.'s] educational background and needs, communicating with counsel, and preparing for the hearing[]" during September and the beginning of October 2014 "were contributions to preparing for the ultimate success" achieved at the November 2014 expedited due process hearing. *See Neena S. ex rel. Robert S.*, 2009 WL 2245066, at *6. Thus, K.B. should be permitted to recover a limited amount of fees from this time period. It would be difficult, based on the submitted time entries, to identify specific hours devoted solely to the prior due process complaint that should be eliminated, so the Court will instead allow for recovery for one-half of the 47.6 total hours billed from September 18, 2014, until October 27, 2014 – i.e., 23.8 hours, 21.6 hours of which will be designated to Attorney Corcoran and 2.2 of which will be assigned to his law clerk. The total compensable hours for the purposes of establishing the lodestar will be reduced accordingly.[6]

### b.    Work Performed on this Action

The School District argues that K.B. has not "established prevailing party status with respect to" this case and, thus, it seeks to disallow recovery of fees and costs for work performed

---

5.    Even if the Court were to find such fees recoverable, K.B. could not recover any fees "associated with the resolution session" that took place on October 24, 2014. *See Brandon E. v. Dep't of Educ., State of Hawaii*, No. CV0700536ACKLEK, 2008 WL 4602533, at *8 (D. Haw. Oct. 16, 2008). It is well established that such time is not compensable under 20 U.S.C. § 1415(f)(1)(B)(i). *See id.*; *D.D. ex rel. Davis v. D.C.*, 470 F. Supp. 2d 1, 2 (D.D.C. 2007); *Y.B. v. Williamson Cnty. Bd. of Educ.*, No. 3:08-0999, 2009 WL 4061311, at *7 (M.D. Tenn. Nov. 20, 2009); *Jeremiah B. v. Dep't of Educ.*, No. CV 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010), *report and recommendation adopted*, No. CIV0900262DAELEK, 2010 WL 675698 (D. Haw. Feb. 22, 2010); *J.F. v. Bd. of Educ. of City of Chicago, Dist. 299*, No. 10 C 00614, 2011 WL 3839660, at *5 (N.D. Ill. Aug. 26, 2011). Therefore, the 2.7 hours billed for "[t]ravel to/from Mars; attend[ance] [at] resolution meeting; telephone conferences with clients; [and] follow-up e-mails with counsel" on October 24, 2014 would be disallowed, as would the 4.20 hours billed on October 23, 2014 for "[t]elephone conferences (3) with client; research for Motion; [and] preparation for resolution meeting." ECF No. 35-1, Ex. A.

6.    This reduction is not exactly what the School District requested, but, according to the Court of Appeals, it need not be, "as long as the fee applicant is given sufficient notice to present his or her contentions with respect to the reduction that the district court ultimately makes." *Bell*, 884 F.2d at 722. The Court believes that the manner in which it has addressed the School District's objections is within the bounds of its discretion.

since this action was initiated. ECF No. 39 at 8. The Court agrees. "[A] party is not a 'prevailing party' at the appeals stage, entitled to attorney's fees for the cost of appellate litigation, if the case becomes moot pending appeal." *Diffenderfer*, 587 F.3d at 453 (citing *Lewis*, 494 U.S. at 483). Such is the case here. Thus, fees related to work performed on this action may not be recovered.

However, "[a] party entitled to an award of attorneys' fees is entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey*, 297 F.3d 253, 268 (3d Cir. 2002) (citing *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978)). K.B. seeks $1,800.00 (9 hours at $200.00 per hour) in fees for such work. As previously noted, *supra* n.4, the School District has not specifically objected to K.B.'s recovery of this amount. Accordingly, the Court accepts that this amount as reasonable and recoverable. *See E.C.*, 91 F. Supp. 3d at 611 (explaining that courts "have awarded over twenty hours to counsel for time expended on preparing an initial fee petition.").

### 2.    Work Performed by Law Student

The School District contends, without much in the way of elaboration, "that all fees related to work performed by the 'law student' should be disallowed" because K.B. has not sufficiently explained or justified "said work or fees." ECF No. 39 at 8. As a general rule, fee awards may take into account work completed by a law student clerk. *See Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*, No. CIV.A. 08-1463, 2011 WL 4565494, at *10 (W.D. Pa. Sept. 29, 2011) (citing *Missouri v. Jenkins*, 491 U.S. 274, 289 (1989)). Just as with any other aspect of fees, though, the prevailing party has the burden of justifying the rate at which a law student clerk has billed her time. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("[C]ourts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates.").

13

K.B. has not submitted any information about the prevailing market rate for student law clerks in this District. However, other members of this Court have found that a rate as high as $90.00 per hour is reasonable. *See Haisley*, 2011 WL 4565494, at *10 ("Caselaw from the Western District of Pennsylvania indicates that $90 is a reasonable hourly rate for paralegals and law clerks."). Accordingly, the Court will not fault K.B. for failing to substantiate her requested rate with evidentiary support and finds that $75.00 is reasonable.

### 3.      Lodestar Calculation

In view of these rulings, the total number of compensable hours is broken down as follows:

(1) Attorney Corcoran – 105.1 at $200.00 per hour, for a total of $21,020.00;

(2) Attorney Corcoran's Associate – 8.5 hours at $125.00 per hour, for a total of $1,062.50; and

(3) Attorney Corcoran's Law Student Clerk – 11.1 hours at $75.00 per hour, for a total of $832.50.

This results in a total lodestar amount of $22,915.00. As already mentioned, this amount is considered presumptively reasonable, but it may be adjusted for a variety of reasons. However, "[t]he party seeking adjustment has the burden of proving that an adjustment is necessary." *Rode*, 892 F.2d at 1183 (citing *Cunningham v. City of McKeesport*, 753 F.2d 262, 268 (3d Cir. 1985), *vacated on other grounds*, 478 U.S. 1015, *reinstated*, 807 F.2d 49 (3d Cir. 1986)). The School District has not raised any grounds for reducing the amount of fees below the lodestar. Accordingly, the Court holds, as it must, that the full amount is recoverable.

### C.      Costs

K.B. also requests $1,780.00 in expert fees paid to Dr. Schachner, who presented

testimony on C.L.'s behalf at the expedited due process hearing; and $1,162.37 for copying, faxing, court reporter, and postage costs. The School District, first, objects to the payment of the expert fees and, second, argues that the copying costs should be disallowed or, in the least, reduced. It does not, however, object to any other items of costs claimed by K.B.

### 1. Expert Fees

The Supreme Court has held that § 1415(i)(3)(B) does not "authorize[] prevailing parents to recover fees for services rendered by experts in IDEA actions." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 293-94 (2006). In view of that, the Court agrees with the School District that K.B. may not recover the costs associated with hiring Dr. Schachner.

### 2. Copying Costs

K.B. seeks reimbursement for copying costs in the amount of $889.00 (4,445 copies at $0.20 per page). K.B. argues that "[t]he copies of exhibits were needed for hearings[,]" without specifying what those "exhibits" were. ECF No. 35 at 6. The School District objects on the basis that K.B. has not explained "why or how so many copies were needed for a due process hearing which dealt with one issue." ECF No. 35 at 9. The Court agrees with the School District.

"Courts have awarded expenditures such as photocopying, travel, long distance telephone and postage to prevailing IDEA plaintiffs as part of their attorneys' fees award." *P.G. v. Brick Twp. Bd. of Educ.*, 124 F. Supp. 2d 251, 266 (D.N.J. 2000) (citations omitted). When requesting reimbursement for costs, "'[t]he fee applicant has the burden of adequately documenting and itemizing the costs requested.'" *E.C.*, 91 F. Supp. 3d at 616 (quoting *Marthers v. Gonzales*, No. 05-3778, 2008 WL 3539961, at *4 (E.D. Pa. Aug. 13, 2008)). "The cost per page and the number of copies cannot be excessive[,]" and "the copies must be 'reasonably related to the litigation' and 'necessary to effective and competent representation.'" *Id.* (quoting

*Marthers*, 2008 WL 3539961, at *4). In addition "[t]he party seeking reimbursement for copying costs must describe the purpose of the charge with sufficient specificity." *Id.* (citing *Laura P. v. Haverford Sch. Dist.*, No. 07-5395, 2009 WL 1651286, at *9 (E.D. Pa. June 12, 2009)).

The Court finds, as an initial matter, that the cost per page sought by K.B. is excessive. "[M]ost courts to consider the issue have found that a rate of 10 to 15 cents per copy is appropriate." *Interfaith Cmty. Org.*, 426 F.3d at 717. The Court of Appeals in *Interfaith Community*, for example, expressed "serious concerns about the District Court's decision to" reimburse copies "at the rate of 20 cents per page," noting that the Third Circuit's local rules only allow for assessing copying costs at 10 cents per page and "Fed Ex/Kinko's charges less than 7 cents per page for large volume copying." *Id.* In line with the Court of Appeals' reasoning, this Court finds that a reimbursement rate of $0.15 per page, and not $0.20 per page, is reasonable. *See Coates v. D.C.*, 79 F. Supp. 3d 42, 52 (D.D.C. 2015) (reducing rate from $0.25 per page to $0.15 per page).

The Court also has serious reservations about the sheer number of copies for which K.B. is seeking reimbursement. K.B. has not provided the Court with any information about what documents were copied or why they were copied. Thus, as the School District argues, the Court cannot determine whether these copies were sufficiently related to the litigation so as to be reimbursable. Certainly all of these copies weren't "exhibits," as K.B. claims they were. *See id.* (remarking that "[o]ver 1,000 pages of copies is clearly excessive for a one-day IDEA hearing at which [the parent] introduced 19 exhibits"). In fact, K.B. only submitted some 70 pages of exhibits at the expedited due process hearing, and the entire administrative record, including all the transcripts from the due process hearing and the manifestation determination hearing, was only 700 pages long. *See* ECF No. 24. Without any cogent explanation having been provided by

K.B., the Court is left to conclude that the number of copies is excessive. Accordingly, the Court will only allow reimbursement for 1,000 copies. In sum, then, K.B. may recover $150.00 in copying costs (1,000 copies at $0.15 per page). Consistent therewith, K.B.'s total recoverable costs will be reduced to $423.25.

## IV.     Conclusion

To summarize, the Court finds that K.B. prevailed at the expedited due process hearing. She is therefore entitled to an award of attorney's fees – at a rate of $200.00 per hour for work performed by Attorney Corcoran, $125.00 per hour for work performed by his associate, and $75.00 per hour for work performed by his student law clerk – and costs under the IDEA. K.B. may recover a limited amount of attorney's fees for work performed between September 18, 2014, and October 27, 2014. She may not, however, recover attorney's fees for work performed during this action, which amounts to $7,200.00, except she may recover the fees earned in preparing the fee application, $1,800.00. K.B. also may not recover expert fees, and her copying costs are limited to $150.00. In total, K.B. is entitled to recover $22,915.00 in attorney's fees and $423.25 in costs. An appropriate order follows.

McVerry, S.J.

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARS AREA SCHOOL DISTRICT,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **2:14-cv-1728** |
| | ) |
| | ) |
| **C. L.**, *by and through his parent and natural* | ) |
| *guardian, K.B.*, | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

**AND NOW**, this 7th day of December, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that APPELLEES' MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART**. The School District shall reimburse C.L., by and through his parent and natural guardian, K.B., the following amounts:

(a) attorney's fees in the total amount of $22,915.00; and

(b) costs in the total amount of $423.25.

The total recoverable attorney's fees and costs is $23,338.25.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:    **Thomas E. Breth, Esquire**
       Email: tbreth@dmkcg.com
       **John P. Corcoran, Jr., Esquire**
       Email: jpc@jgcg.com

       (via CM/ECF)